NMA:JV
F. #2018R02339

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N F O R M A T I O N |
| - against - | Cr. No.   25-158 (DG)(TAM)<br>(T. 18, U.S.C., §§ 371, 982(a)(7), |
| HONG YUEN MAK,<br>     also known as "Joe Mak," | 982(b)(1) and 3551 et seq.; T. 21,<br>U.S.C., § 853(p)) |
| Defendant. | |

- - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

CONSPIRACY TO OFFER AND PAY KICKBACKS

1.     In or about and between October 2018 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HONG YUEN MAK, also known as "Joe Mak," together with others, did knowingly and willfully conspire to offer and pay any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to one or more persons to induce such persons to purchase, lease, order and arrange for and recommend purchasing, leasing and ordering any good, facility, service and item for which payment may have been made in whole and in part under a Federal health care program, to wit: Medicare, contrary to Title 42, United States Code, Section 1320a-7b(b)(2)(B).

2.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant HONG YUEN MAK, also known as

2

"Joe Mak," together with others, did commit and cause the commission of, among others, at least one of the following:

OVERT ACTS

(a) On or about December 11, 2018, Co-Conspirator #1, an individual whose identity is known to the United States Attorney, wrote a check from an account at Bank #1, an entity the identity of which is known to the United States Attorney, account number ending in 530 (the "530 Account"), in the approximate amount of $8,000, made payable to cash with a memo entry stating "Eric."

(b) On or about December 21, 2018, Co-Conspirator #1 wrote a check from the 530 Account, in the approximate amount of $20,000, made payable to Company #1, a company the identity of which is known to the United States Attorney, with a memo entry stating "coupon."

(c) On or about March 7, 2019, Co-Conspirator #1 wrote a check from the 530 Account, in the approximate amount of $20,000, made payable to Company #2, a company the identity of which is known to the United States Attorney, with a memo entry stating "coupon."

(d) On or about June 17, 2019, MAK wrote a check from an account at Bank #2, an entity the identity of which is known to the United States Attorney, in the approximate amount of $7,000, made payable to John Doe #1, an individual whose identity is known to the United States Attorney, with a memo entry stating "repayment of loan."

(e) On or about August 21, 2019, Co-Conspirator #1 wrote a check from the 530 Account, in the approximate amount of $23,000, made payable to Company #3, a

3

company the identity of which is known to the United States Attorney, with a memo entry stating "coupon."

(Title 18, United States Code, Sections 371 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

3. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

4

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

By: *Whitman G.S. Knapp, AUSA*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK